(No. 25353.—

FRANK PUGAEZ, Appellant, *vs.* SYLVESTER BABENO *et al.* Appellees.

*Opinion filed February 21, 1940.*

A. J. PIKIEL, for appellant.

JOHN F. O'TOOLE, and MITCHELL KILANOWSKI, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed a complaint in the superior court of Cook county praying that certain deeds be set aside, for partition and an accounting. He has taken this appeal from the decree entered. His complaint alleged that he and appellee Sylvester Babeno, in the month of February, 1927, acquired title to the real estate involved, a small apartment building, as tenants in common, in proportion to their contribution to the purchase price. Appellant supplied $6916 and Babeno $3949. It was agreed that their interests in the property were to be in proportion to their contributions to the purchase price.

On July 3, 1931, Babeno and his wife conveyed his interest to one Leon Kozlow, who, on the same day, reconveyed the same to Sylvester Babeno and Pelagia, his wife, as joint tenants. In 1935, appellant joined with his co-owners in the execution of a deed, dated May 24, 1935, conveying the title to all this property to one Scheffler. About the same time a letter of direction was written to Scheffler, which appears to have been signed by all the parties, including appellant, directing Scheffler to convey the title to the property as follows: An undivided one-half in joint tenancy to appellant and Tillie Babeno, daughter of Sylvester and Pelagia Babeno. The other undivided one-half in joint tenancy to Sylvester Babeno, his wife, and John Babeno, their son. This property had been mortgaged and appellant joined with the co-owners in the execution of an extension agreement relating to that mortgage. Scheffler made the conveyance by two deeds pursuant to the directions given him in the letter.

Appellant, in his complaint, alleged that his participation in the conveyance and the letter to Scheffler was had as result of false and fraudulent representations made by Sylvester and Pelagia Babeno concerning the character of the instruments. Appellant is unable to read and write English and received no consideration for joining in the execution of the deed conveying the real estate to Scheffler or the letter directing him to reconvey the property to the parties in the manner which was done. The complaint alleges, and he testified, that the representation made by the Babenos to him, was that he, appellant, was signing papers necessary to renew or extend the mortgage and that he did not discover that he had conveyed his title until two years later. His complaint prayed that the deeds to and from Scheffler be set aside and that his title to the property, as held prior to the execution of said deeds, be restored to him; that an accounting be had of rentals received and moneys expended, and that a partition of the property be had. According to

his complaint and the proof in the case, he had paid the sum of $500 on the mortgage, for which he asked to be credited in the accounting.

The answer of the Babenos does not deny the allegations of the complaint that the title was originally taken as therein alleged, but denies fraud and alleges that the conveyances were as a result of an agreement between the parties; that the consideration for appellant's conveyance was the advancement of some $800 by Tillie Babeno for the benefit of the real estate, and that appellant understood and consented to the transaction. The answer joins in the prayer for partition but seeks partition on the basis of the interest shown by the Scheffler deed and not as vested in the parties prior thereto. Scheffler and his wife answered disclaiming any interest in the real estate and alleging that his acts in the matter were in accordance with the letter of agreement that was given him.

The disputed facts surround the charge of fraudulent representations made by Sylvester and Pelagia Babeno to secure the deed by which it appears their interest in the property was increased from the proportion shown by the purchase price contributed, which was but little over one-third, to one-half. There is nothing in the record to indicate any consideration paid by them to appellant for this additional interest.

Appellant testified that in the spring of 1935, Babeno and his wife visited him at his farm near Kenosha, Wisconsin, and told him the mortgage on their property was coming due and money was needed for repairs, and asked him to advance the money. Appellant replied that he had previously advanced money to meet deficits and payment on the mortgage and that he would not advance more; that if they needed more money they should get it from their children so as to equalize their advancements; that they left, stating they would send him the papers necessary to be executed in connection with the renewal of the mort-

gage. He testified that while he was still in Wisconsin he received, on two different occasions, from the Babenos, documents accompanied by a letter written in Russian, directing him to sign the documents on a line marked with a cross, and return them; that he did so believing them to be in connection with the renewal of the existing mortgage; that he never appeared and acknowledged a deed before a notary public; that he was not in Chicago at the time of the purported signing and acknowledgment and that he did not again see the Babenos until July of that year, when he came to Chicago, at which time no discussion was had about the property. He denied that he was in the office of Scheffler in 1935, at the time the acknowledgment is purported to have been taken. Testimony of the Babenos also casts some doubt on his presence at the time.

Pelagia Babeno, in her testimony, admitted having a conversation with appellant in Wisconsin, but denied her husband was with her. She further testified that she told appellant that her children would not advance any more money unless appellant and she and her husband signed documents guaranteeing the children's investment, and that appellant told her to do what she could to save foreclosure. Babeno, his wife, and Tillie Babeno, their daughter, testified, in substance, that in their conversations had with appellant in Chicago, in April, 1935, it was agreed between them that Tillie would advance money to save the property from foreclosure, repairs and taxes, and in return for that advancement title to the property would be conveyed to appellant, Tillie Babeno and John Babeno, each one-fourth, and Sylvester and Pelagia Babeno one-fourth, and that the letter to that effect was signed and directed to Scheffler, and that Tillie advanced money which was about $800. However, the moneys advanced by Tillie Babeno, according to receipts in evidence, amounted to $558.22. Though the senior Babenos testified that the receipts would show that

she had advanced something like $817, receipts for such an amount were not produced.

Tillie Babeno testified that she told her parents and appellant that she would advance the money on condition that she should get one-fourth of the building until appellant had given her money back. She testified, also, that appellant agreed that he would give her one-fourth until he paid back her money, but she had signed no papers before that. The notary, whose certificate of acknowledgment was on the deed, testified that the deed and letter to Scheffler were executed in the latter's office, and that all parties acknowledged the deed before him in person. Appellant testified that one Glenn Merrill, a farmer living on a farm near to him in Wisconsin, had loaned him a pen and ink on two occasions, to sign the documents which were sent by the Babenos. Glenn Merrill testified corroborating this testimony, and produced a bottle of ink which he testified was the same bottle and contained the same ink that he loaned to appellant. The ink and pen appellant used in signing the documents appeared to be different from those used by the Babenos.

The testimony of handwriting experts, and that of a chemist in the employ of the Sanford Ink Company, was taken. These witnesses testified that both signatures of appellant were written in the same general class of ink and in the same class as the ink from the bottle produced by Merrill. The handwriting experts testified that the signatures of the appellant were written in ink and with a pen different from the pen and ink used in the other signatures on the documents.

The senior Babenos testified that the signatures to the deed and letter were by appellant, but there is little corroboration of their statements that all were together when signing, as the record shows appellant's signature was attached at a different place and with different kind of pen and ink.

Appellant argues, here, that the court erred in admission and rejection of testimony and that the findings are contrary to the weight of the evidence and the law. The only witnesses appearing on the charge of fraud were appellant and the senior Babenos. Counsel for appellant, in order to test the credibility of Pelagia Babeno concerning the circumstances under which the disputed documents were executed, questioned her concerning her signature on the letter of direction to Scheffler. She testified that others wrote out the words "Pelagia Babeno" for her and she wrote it out afterwards. On request of counsel for appellant she endeavored to copy her signature as it appeared on the instrument but, as appellant contends, with no show of similarity. Counsel for appellant offered the attempted copy of signature in evidence in support of his contention that the Babenos had schemed to defraud him of a part of his property. Objection to the testimony was sustained on the ground that the witness had admitted the signature on the disputed document as hers, and it is here argued that error was committed in sustaining this objection. The record discloses, however, that appellant did not properly preserve this objection in the record so as to permit him to urge error in the exclusion of evidence, and that contention is, therefore, not before this court on review.

Appellant's principal contention is that the finding of the master and the chancellor is contrary to the manifest weight of the evidence. Much testimony has been taken in the cause, which reasonable length of this opinion will not permit us to discuss here. The only claimed ground for consideration moving to appellant for increasing the interest of the senior Babenos, in the property, and for deeding a one-fourth interest to Tillie Babeno, is that Tillie Babeno was to advance money for repairs and improvements on the property. The mortgage was extended and, therefore, no danger existed as to its foreclosure. It does not appear how it could be said that this justified

an increase in the interest of the senior Babenos, nor does it show in the evidence that this advancement by Tillie Babeno was for the purpose of taking title to any interest in the property further than as a security for the repayment.

Under the Mortgages statute of this State, (Ill. Rev. Stat. 1939, chap. 95, par. 13,) the effect of the deed to Tillie Babeno was to create a mortgage and not a deed, as to which appellant would be entitled to reconveyance on the payment of the amount of money shown by the evidence to have been advanced by her, which, as we have seen, was $558.22 plus the interest which the statute would allow her. Appellant owned nearly two-thirds of the property. The only consideration for conveyance to Tillie Babeno was the advancements by her. As we have said, no consideration whatever appears for the increase in the holdings of the senior Babenos. As to this phase of the case, it is evident that whether appellant understood the nature of the transaction becomes immaterial, as the interest given to Tillie is but a mortgage to secure payment of advancements. There is no evidence in the record justifying the increase of the holdings of the senior Babenos in the property and the transaction, except the part taken by Tillie Babeno, tends to show an attempt to defraud appellant. The decree should have found that the transfer of increased title to the senior Babenos was without consideration and made through fraud, and that to Tillie Babeno was for the sole purpose of giving security for money advanced by her for the benefit of the entire property. Pelagia Babeno testified that she told appellant that they, the Babenos and he, would have to give security to her children if they advanced any money. We are of the opinion that, subject to the mortgage which constituted a first lien, and subject to the lien of Tillie Babeno for $559.22 with statutory interest, that the interests of the Babenos in the property is justly to be measured by the proportion of the contributions to the

original purchase price, and that a decree for partition should be entered finding the interest as follows: Appellant 6916/10865 and the Babenos 3949/10865, all subject to the first mortgage lien and the lien of Tillie Babeno in the amount of $558.22.

It appears that appellant had paid $500 to apply on the mortgage, and he is entitled, on an accounting, to credit for that amount after the mortgage liens are discharged. The record also shows that rents were collected part of the time by appellant and part of the time by the Babenos, and that no accounting has been had between them. Appellant is, therefore, also entitled to an accounting as to the rents and income from the property.

The decree of the superior court is reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed, and for an accounting.

*Reversed and remanded, with directions.*